**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALICIA HILL<br>358 Ridge Avenue<br>Spring City, PA 19475<br><br>Plaintiff,<br><br>v.<br><br>MORGAN PROPERTIES PAYROLL SERVICES, INC.<br>160 Clubhouse Road<br>King of Prussia, PA 19406<br>and<br>MORGAN PROPERTIES, LLC, d/b/a MORGAN PROPERTIES<br>160 Clubhouse Road<br>King of Prussia, PA 19406<br>and<br>MORGAN PROPERTIES, LP, d/b/a MORGAN PROPERTIES<br>160 Clubhouse Road<br>King of Prussia, PA 19406<br><br>Defendants. | : | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Alicia Hill, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et seq*.), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Pennsylvania Human Relations Commission

("PHRA").[1] Plaintiff was unlawfully denied accommodations and terminated from her employment by Defendants, and she suffered damages more fully described/sought herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and the ADEA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

[1] Plaintiff recognizes that one (1) full year has not elapsed from the dual filing of her EEOC Charge with the Pennsylvania Human Relations Commission ("PHRA"). Unless Defendants waive administrative exhaustion (as is common for expediency) under the PHRA, Plaintiff identifies within the Introduction Section *for notice purpose only* that she will amend her instant lawsuit to include claims under the PHRA. Such claims would mirror identically her federal claims already pursued herein. PHRA claims are omitted from a Count section for the time being for this reason.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Morgan Properties, LLC, d/b/a Morgan Properties ("Defendant MP – LLC" where referred to individually) is a real estate management and real estate investment business operating from the above-captioned address.

9. Morgan Properties, LP ("Defendant MP-LP" where referred to individually) is a real estate management and real estate investment business operating from the above-captioned address.

10. Morgan Properties Payroll Services, Inc. ("Defendant MPPS" where referred to individually) is an arm, branch, or department of MP-LLC and MP-LP handling accounting, payroll, and other financial matters for the overall enterprise. The joint relationship of all Defendants is outlined more *infra*.

11. Defendant MP-LLC, MP-LP, and MPPS shall hereinafter collectively be referred to as "Defendants." They are properly considered Plaintiff's single, joint and/or integrated employers for all purposes (as further explained in the "Factual Background" of this Complaint).

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants effective on or about January 20, 2017; and in total, Plaintiff was employed by Defendants for approximately seven (7) years.

15. *Within* Defendants, Plaintiff was internally categorized as being an employee of "Morgan Properties Payroll Service, Inc." ("Defendant MPPS"). Defendant MPPS basically handles accounting, payroll, and accounts receivable / payable for all Defendants.

16. Plaintiff's immediate supervisor while in the employ of Defendants was Beth Bilgram ("Bilgram"). Bilgram has been and upon information and remains Defendants' Accounts Receivable Manager.

17. Although internally specified as an employee of Defendant MPPS, Plaintiff was an employee of Morgan Properties, LLC and Morgan Properties, LP, both doing business publicly as "Morgan Properties" (as an overall enterprise), "Defendant MP-LLC" and "Defendant MP-LP" respectively.

18. Defendants MP-LLC and MP-LP engage in the business of owning and operating Class B apartments (and residential communities) in the Mid-Atlantic region, Sun Belt states, and the Northeastern United States. They also provide and oversee investment opportunities and other real-estate, income-generating business. They operate as a single enterprise, doing business as "Morgan Properties."

19. Although Plaintiff was internally within Defendants identified as an employee of Defendant MPPS:

(a) Policies, procedures and rules that governed Plaintiff's everyday employment were prepared by and disseminated by Morgan Properties, not Defendant MPPS.

(b) Hiring, benefit, and other documents provided to Plaintiff throughout her tenure were from Morgan Properties, not Defendant MPPS.

(c) Medical accommodation documentation was by and through Morgan Properties, not Defendant MPPS.

(d) All Defendants operated from the same location with overlapping corporate management and through the same corporate human resources personnel.

(e) Plaintiff was publicly held out as an employee of Morgan Properties, not Defendant MPPS.

(f) Plaintiff's ultimate termination from employment was communicated by Krista Reynolds, Senior Vice President - - who oversees all Morgan Properties employees in all states (not only Defendant MPPS employees). This is because Defendants have a single, centralized human resources team for their collective enterprise.

(g) Plaintiff was proposed as separation agreement (a/k/a severance) upon separation from employment. She was asked therein to waive legal claims against all Defendants, not just Defendant MPPS.

(h) There is simply no question that all Defendants jointly employed Plaintiff, held Plaintiff out as an employee of all Defendants, and overlap in management, resources, and operations. Indeed, Plaintiff performed a role integral to the operations of all Defendants (handling accounting-related matters for all such businesses).[2]

20. While in the employ of Defendants, Plaintiff was employed for Defendants on their accounting side of the enterprise. Plaintiff was titled Accounts Receivable Specialist, and she worked on a full-time basis for Defendants. Regardless of Plaintiff's job title, she was very versatile, very experienced, and could perform in many roles for Defendants.

21. By letter dated November 2, 2023, plaintiff was informed she was being terminated solely due to "restructuring" and that her "position has been eliminated." Plaintiff's termination correspondence was signed by (and ostensibly prepared by) Krista Reynolds ("Reynolds"), a Senior Vice President of Human Resources for Defendants.

---

[2] For notice purposes, Plaintiff identifies herein that during the course of discovery Plaintiff may move to amend additional defendants as appropriate parties in this case. Defendants operate many businesses under "Morgan Properties," and Plaintiff is unable to discern without discovery which other businesses could properly be construed as her other joint or statutory employers (or the specific interrelations amongst such corporate structures).

22. Plaintiff is a 55-year-old woman with disabilities. Some of her disabilities include but are not limited to, osteoarthritis, hypertension, stomach problems, hip / leg problems, auto-immune complications, and chronic respiratory illnesses (such as persistent, chronic illnesses like bronchitis due to auto-immunity complications associated with her disabilities).

23. Defendants were well aware of Plaintiff's disabilities and accommodation needs. Plaintiff merely required two minor accommodations: (1) the ability to work remotely on occasion; or (2) the ability to miss a little intermittent time on occasions. Overall, Plaintiff's medical accommodation needs despite her history of disabilities was very minor and infrequently sought.

24. By way of example (as to notice on the part of Defendants initially), Plaintiff provided Defendants with a medical form dated August 27, 2021, identifying that she is "under medical care," suffers from "chronic bronchitis," and would benefit from a medical accommodation of working from home or remotely as possible. Plaintiff even submitted formal accommodation paperwork to Defendants outlining her "chronic" health problems and benefits of her working remotely (as her role could be performed remotely).

25. Plaintiff's health declined somewhat wherein she was having more common flareups in her last approximate year of employment. During Plaintiff's last approximate year of employment (throughout 2023), Plaintiff had to <u>at times</u>: (a) work partial days; (b) take off short timeframes for medical appointments; (c) take breaks for medical flareups; and (d) miss some intermittent days from work for medical / disability related reasons.

26. Although Plaintiff did in fact take medical breaks, work partial days, and take off some full days for medical reasons during her last year of employment - - the time missed by Plaintiff <u>overall</u> was not significant. And Plaintiff otherwise performed her job very well.

27. Bilgram however was extremely intolerant of anything Plaintiff required medically. By way of examples (in actual <u>written</u> messaging): (a) when Plaintiff explained she had a medication reaction and had to undergo blood tests, Bilgram messaged Plaintiff: "Please put in for time off for the remainder of the day. Lunch is supposed to be completed by 2:30 PM;" (b) when Plaintiff expressed needing to rest due to a flareup, Plaintiff was told in a message by Bilgram: "Given how sick you have been and that from time to time you think you sign back and are unable," we are worried about "deadlines;" (c) when Plaintiff expressed she was having some stomach complications, Bilgram messaged Plaintiff: "If your stomach is in distress then perhaps you should take off until it settles down. Not sure how you can sit at the computer uninterrupted;" and (d) when Plaintiff asked to work from home for a medical reason, Bilgram responded in a message with nothing other than "no."

28. On at least 2 occasions during Plaintiff's last approximate 4-5 months of employment, Bilgram asked Plaintiff if she can even do the job with all of her health issues going on? This clearly exhibited a discriminatory perception of Plaintiff's health, as Plaintiff performed her job very well.

29. When Plaintiff missed infrequent time from work or needed off for appointments, on many occasions she would make up the time (although she couldn't always). Nonetheless, as stated above, Plaintiff missed varying amounts of time from work - - but overall, it wasn't very significant or too often.

30. Whenever Plaintiff would discuss a health issue or an accommodation need (verbally or via chat / text communications), Bilgram would be cold, rude, or abrasive with Plaintiff (as can be seen from the <u>documented</u> examples *supra*).

31. Despite knowing during Plaintiff's last year of employment that Plaintiff was missing time from work on an intermittent basis for (and during) breaks,[3] appointments, and partial or full days, Defendants never provided Plaintiff with (federally required) documentation of individualized notices under the Family and Medical Leave Act ("FMLA"). Defendants:

- Failed to provide Plaintiff with required written eligibility notifications of her FMLA rights within 5 days from being her utilizing FMLA-qualifying intermittent leave;[4]

- Failed to provide Plaintiff with written FMLA designation notices within 5 days from her utilizing FMLA-qualifying intermittent leave;[5]

- Failing to provide Plaintiff with required written rights and responsibilities notices within 5 days from her utilizing FMLA-qualifying intermittent leave;[6] and

- Failed to provide written FMLA designation notices for intermittent FMLA leave.[7]

32. In addition to Defendants engaging no meaningful efforts to even feign compliance with the FMLA, Defendants failed to engage in any interactive process with Plaintiff or to reasonably accommodate Plaintiff for accommodation needs.

33. Plaintiff sought on occasions to work from home (as she was able to perform 100% of her job remotely, as she had done for extended periods of time in prior years).

---

[3] If an employee needs to take breaks or work partial days, he or she is entitled to FMLA in payroll increments throughout the day (and is not required to take off full days under the FMLA). This FMLA protection protects employees for medical breaks or working partial days. *See e.g. Sabbrese v. Lowe's Home Centers, Inc.*, 320 F.Supp.2d 311 (W.D. Pa. 2004)(explaining medically necessary breaks are to be protected under the FMLA during workdays); *see also Collins v. U.S. Playing Card Co*., 466 F.Supp.2d 954 (S.D. Ohio 2006)(same); *Myles v. Univ. of Pa. Health Sys*., 2011 U.S. Dist. LEXIS 142342 (E.D. Pa. 2011)(same).

[4] *See* 29 CFR § 825.300(b)(1).

[5] *See* 29 CFR § 825.300(b)(2).

[6] *See* 29 CFR § 825.300(c)(1)(i)-(vii)

[7] *See* 29 CFR § 825.300(d)(1)-(6)

Defendants' management rejected Plaintiff's requests to work from home, even for single (and periodic) days requiring Plaintiff to come to work or take off entirely when Plaintiff had medical flareups. This is despite that, if permitted to work from home, Plaintiff could have worked remotely notwithstanding medical complications or flareups. <u>This was a continual denial of reasonable accommodation(s) by Defendants' management.</u>

34. In addition to intermittent absenteeism being FMLA protected, it is also ADA (and state-law) protected.[8]

35. By September of 2023, Plaintiff's manager (Bilgram) had become so hostile towards Plaintiff that Plaintiff had been escalating concerns to human resources of Defendants. In particular (as to communicating with human resources), Plaintiff was discussing her health problems, explaining that she needed periodic time off for her health problems during 2023, and explaining that she had occasional needs to work from home for medical reasons *but that she was being denied unlike for example Teresa Kuczykowski (a/k/a "Terry") who was freely permitted to work from home for personal (non-disability) reasons.*

36. In other words, Plaintiff's complaints were ignored, as were her concerns of non-accommodation or disparate treatment (wherein Plaintiff was attempting to illustrate the ease in which she could have been accommodated but was being denied).

37. For nearly a year, Plaintiff had not been provided with mandatory (federally required) FMLA documentation by Defendants. Then Defendants' human resources continued to violate the FMLA in or about September of 2023 by verbally telling Plaintiff she might consider

---

[8] *See e.g. Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018)("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.*, 2020 U.S. Dist. LEXIS 183477, *36 (D.D.C. 2020)(counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v. Baltimore Cty.*, 2019 U.S. Dist. LEXIS 140647, *34 (D. Md. 2019)(reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee).

applying for FMLA (still without giving her any individualized, federally required documentation). As to Plaintiff's complaints of disparate treatment and accommodation denial, Plaintiff was told what happens with Terry doesn't impact Plaintiff, so Plaintiff should just worry about herself. In sum, Plaintiff received no meaningful remedy or response(s) from Defendants' human resources about her complaints.

38. Within approximately a month of Plaintiff's ongoing concerns to human resources, Plaintiff was terminated (after nearly 7 years of employment) effective on or about November 2, 2023 as part of a purported job "elimination" and layoff.

39. Plaintiff worked in a highly redundant and/or similar role to others in accounting and finance of Defendants. Defendants retained ***more than a dozen*** employees in the same or similar role to Plaintiff, including employees who: (a) were in their 20s-30s (as to age); (b) were far less senior than Plaintiff (working 1-2 years for example unlike Plaintiff, a 7-year employee); and (c) employees who were far less qualified (or experienced) than Plaintiff.

40. Plaintiff's job was not "eliminated" as stated in her termination letter; and even to the extent Defendants had a desire to layoff some employees, Plaintiff's inclusion (and selection) in such a layoff was transparently discriminatory and retaliatory.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Discrimination; [2] Accommodation Denial & [3] Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities, including but not limited working, walking, breathing, and other daily life activities.

43. Plaintiff requested reasonable accommodations from Defendants, including intermittent absences and remote work.

44. Plaintiff was denied reasonable accommodations as outlined in this lawsuit, and she was terminated because of her actual or perceived disabilities, and in retaliation for her concerns of discriminatory treatment and/or seeking of accommodations.

45. These actions as aforesaid constitute discrimination and retaliation violations of the ADA, as amended.

**Second Cause of Action**
**<u>Violations of the Age Discrimination in Employment Act ("ADEA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination & [2] Retaliation)**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Defendants treated younger employees much more favorably (during Plaintiff's tenure) than Plaintiff and retained much younger and less qualified employees, while terminating Plaintiff.

48. A determinative factor in Plaintiff's termination was her age, in violation of the ADEA.

**Third Cause of Action**
**<u>Violations of the Family and Medical Leave Act ("FMLA")</u>**
**(Retaliation)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff was in all respects FMLA eligible, employed more than 1 year, and she had worked at least 1,250 hours in the current or preceding year.

51. Plaintiff sought intermittent leave that was FMLA qualifying, and she was terminated for seeking or utilizing such leave (and within approximately a month of discussing her need of FMLA leave with Defendants' human resources personnel).

52. Plaintiff's termination under the above circumstances (and as outlined in this lawsuit) constitutes unlawful retaliation in violation of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination or retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, pension or other benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated and/or punitive damages for Defendants' malicious and reckless conduct as outlined in this lawsuit;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G. Plaintiff is to receive a trial by jury as set forth in the caption of this lawsuit.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________________
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: February 2, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alicia Hill | : | CIVIL ACTION |
| v. | : | |
| Morgan Properties Payroll Services, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 2/2/2024 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 358 Ridge Avenue, Spring City, PA 19475

Address of Defendant: 160 Clubhouse Road, King of Prussia, PA 19406

Place of Accident, Incident or Transaction: Defendants place of business

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/2/2024 [signature] ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 2/2/2024 [signature] ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HILL, ALICIA

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

MORGAN PROPERTIES PAYROLL SERVICES, INC., ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADA (42USC12101)); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 2/2/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Print | Save As... | Reset